**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| DANILO JUNIOR FERRER CANQUIZ, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| -vs- | ) | NO. CIV-26-0461-HE |
| | ) | |
| JOSHUA JOHNSON, et al., | ) | |
| | ) | |
| Respondents. | ) | |

**ORDER**

Petitioner, a Venezuelan native and citizen, filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 challenging his detention by U.S. Immigration and Customs Enforcement. The matter was referred to United States Magistrate Judge Amanda L. Maxfield for review and submissions of proposed findings and recommendations in accordance with 28 U.S.C. § 636. On July 8, 2026, the magistrate judge issued a Report and Recommendation [Doc. #11], recommending the § 2241 petition be granted in part and the court order respondents to provide petitioner an individualized bond hearing before a neutral immigration judge within seven days of the judgment or else release him from custody. She also recommended the court order that at the bond hearing the government bear the burden of proving, by clear and convincing evidence, petitioner is a flight risk and/or or danger to the community in order to justify continued detention.

The federal respondents have timely objected to the recommended rulings. Pursuant to 28 U.S.C. § 636(b)(1), the court has conducted a *de novo* review of the matter. The court agrees petitioner is detained pursuant to 8 U.S.C. § 1226(a), and as such, he is entitled to

an individualized bond hearing.  Although not cited by the magistrate judge, this court has previously rejected respondents' contention that a petitioner whose parole under 8 U.S.C. § 1182(d)(5)(A) expired on its own terms and he has resided in the country for several years is subject to mandatory detention under 8 U.S.C. § 1225(b)(1)(B)(ii),[1] while his asylum application remains pending. *See* Ismanov v. Grant, et al., CIV-26-453-HE, Order dated April 24, 2026, doc. #13.[2]  The court is not persuaded from the arguments made and authorities cited by respondents to reconsider that ruling here.   The circumstances existing in Ismanov are similar to those in this case.  Based upon the same reasoning, the court concludes § 1226(a) governs petitioner's detention.  In light of the court's ruling, the court need not address petitioner's other claims raised in the § 2241 petition.

As to the burden of proof issue, the court respectfully disagrees with the magistrate judge.  The court has previously determined the Fifth Amendment Due Process clause is not offended by leaving the burden of proof on the non-citizen in a § 1226(a) bond hearing. *See* Singh v. Mullin et al., CIV-26-712-HE, Order dated June 18, 2026, doc. #13.  The court sees no reason to change its position under the circumstances here.

---

[1] *Although respondents in their response to the § 2241 petition and in their objection to the Report and Recommendation assert petitioner is subject to detention under § 1225(b)(1), they specifically assert in their response to the § 2241 that he "is properly detained pursuant to the mandatory detention procedures of 8 U.S.C. § 1225(b)(1)(B)(ii)[.]"  [Doc. #9, p. 2].*

[2] *The Executive Office for Immigration Review's data providing Automated Case Information, of which the court takes judicial notice, indicates that on July 21, 2026, the immigration judge ordered petitioner's removal.  Any appeal to that decision is due by August 20, 2026.  See A 244-020-847, https://acis.eoir.justice.gov/en/caseInformation (Last visited July 23, 2026).  Once a decision to remove an alien becomes "administratively final," it triggers, per 8 U.S.C. § 1231, a removal period during which the non-citizen must be detained.  See Johnson v. Guzman Chavez, 594 U.S. 523, 528 (2021).  The removal order involved here is not yet final.*

Accordingly, the Report and Recommendation [Doc. #12] is **ADOPTED** to the extent that the petition for a writ of habeas corpus under 28 U.S.C. § 2241 [Doc. #1] is **GRANTED in part** and respondents are **ORDERED** to provide petitioner with a bond hearing under 8 U.S.C. § 1226(a) within **seven (7) business days** or otherwise release petitioner is he has not received a lawful bond hearing within that period.

Respondents are further **ORDERED** to certify compliance by filing a status report within **ten (10) business days** of the court's order.

A separate judgment will be entered.

**IT IS SO ORDERED**.

Dated this 23rd day of July, 2026.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE

3