**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| DANILO JUNIOR FERRER CANQUIZ, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| -vs- | ) | NO. CIV-26-0461-HE |
| | ) | |
| JOSHUA JOHNSON, et al., | ) | |
| | ) | |
| Respondents. | ) | |

**ORDER**

The court previously granted petitioner's petition for writ of habeas corpus to the extent that respondents were ordered to provide petitioner with a bond hearing under 8 U.S.C. § 1226(a) within seven business days or otherwise release him. Within that period, a hearing was held before an immigration judge, and petitioner was denied bond because he "has already been denied relief and any success on an appeal is too speculative [and he] did not meet burden to prove he would not be a flight risk." [Doc. #17-1].

Petitioner has now filed a motion to enforce the court's order, requesting release from custody. As an alternative to release, petitioner requests a bond hearing before a different immigration judge or before this court, at which respondents bear the burden of proving by clear and convincing evidence that petitioner is a flight risk or a danger to the community. Petitioner asserts that the 11-minute bond hearing conducted by the immigration judge did not constitute the bond hearing ordered by the court. There is no indication, petitioner asserts, that the immigration judge considered his 80-page evidentiary submission or conducted any individualized analysis of the factors relevant to danger or

flight risk. Petitioner also asserts in reply that the immigration judge prevented his counsel from completing the presentation of the factors relevant to his release.

In response, respondents have provided the audio of the bond hearing conducted by the immigration judge. [Doc. #22]. Upon review of that audio and the parties' submissions, the court is not satisfied respondents did not comply with the court's order.

Although the bond hearing was short and petitioner's evidentiary submission had not been seen by the immigration judge until the hearing because it was submitted earlier that day, the court is satisfied petitioner received a lawful bond hearing. The court is not persuaded that the immigration judge prevented counsel from presenting all arguments in favor of petitioner's release on bond. Indeed, after concluding that petitioner was a flight risk because his asylum application had been denied and an appeal of that ruling was speculative given the standard required to reverse that ruling, the immigration judge nonetheless gave the parties an opportunity to address any other issues before adjournment and petitioner's counsel did not alert the judge to any additional arguments she wished to present.

The court lacks jurisdiction to review a discretionary bond determination, if one is meaningfully made, 8 U.S.C. § 1226(e). The court concludes that the bond determination was meaningfully made. Petitioner must seek any relief from the bond determination from the Board of Immigration Appeals.

Accordingly, petitioner's motion to enforce habeas corpus order [Doc. # 18] is **DENIED**.

**IT IS SO ORDERED**.

Dated this 6th day of October, 2026.

JOE HEATON
UNITED STATES DISTRICT JUDGE